UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE R. BECKER and KRAEMER S. BECKER | CIVIL ACTION |
| Plaintiffs | NO. 3:02CV02209 (AVC) |
| V. | |
| NICHOLAS H. FINGELLY REAL ESTATE and LYDIA KLYVER | OCTOBER 23, 2003 |
| Defendants and Third Party Plaintiffs | |
| V. | |
| MICHAEL SOLIMENE, PILAR SOLIMENE MARILYN LONGDEN AND WILLIAM RAVEIS REAL ESTATE, INC. | |
| Third Party Defendants | |

**DEFENDANT-THIRD PARTY PLAINTIFF LYDIA KLYVER'S
OBJECTION TO THIRD PARTY DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Lydia Klyver objects to Third Party Defendants William Raveis Real Estate, Inc's and Marilyn Longden's Motion for Judgment on the Pleadings (the "Motion") and adopts the arguments contained in the Memorandum in Opposition filed by defendant Nicholas H. Fingelly Real Estate, Inc. (Doc.# 29).

The merits of the third party claims in this case should not be decided on a motion for judgment on the pleadings. Before deciding whether or not the moving parties have any liability under the Residential Lead-Based Hazards Reduction Act (the "Act"), the Court should have the benefit of a complete factual record. The Motion is predicated upon the conclusory assertion that the third

1

party defendants are "the buyers agent," but no factual record has been developed upon which an evaluation can be made of the third party defendants' actual role in the consummation of the subject real estate transaction. Before deciding that someone who in real estate parlance is referred to as "the buyers agent" has no liability under the Act, the Court should consider evidence regarding the third party defendants' financial relationship with the owner, their working relationship with owner's agent and their role in the discharge of the compliance obligations imposed upon "agents" under the Act.

The precedent supporting the third party defendants' position is very limited and the issue raised by the Motion is better suited to resolution through a Motion for Summary Judgment after discovery is complete.

DEFENDANT
LYDIA KLYVER

By_____
Dan E. LaBelle of
HALLORAN & SAGE LLP
Fed. Bar #ct 01984
315 Post Road West
Westport, CT 06880
(203) 227-2855

## CERTIFICATION OF SERVICE

I hereby certify that on October 23, 2003 a copy of the foregoing Objection was mailed, first class postage pre-paid, to the following counsel of record:

Thomas J. Sansone, Esq.
Lucy M. Romeo, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

Robert G. Golger, Esq.
Quatrella & Rizio, LLC
One Post Road
P.O. Box 320019
Fairfield, CT 06825

Mark J. Kovack, Esq.
Wake, See, Dimes & Bryniczka
27 Imperial Avenue, P.O. Box 777
Westport, CT 06881-0777

_____
Dan E. LaBelle

477964.1(HSFP)