FILED

2003 OCT 29  A 11: 26

DISTRICT COURT
HARTFORD CT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE R. BECKER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 302 CV 02209 (AVC) |
| ) | |
| NICHOLAS H. FINGELLY REAL, ) | |
| ESTATE, INC., et al., ) | |
| ) | |
| Defendants. ) | OCTOBER 27, 2003 |
| ) | |

**THIRD-PARTY DEFENDANTS WILLIAM RAVEIS REAL ESTATE, INC.'S
AND MARILYN LONGDEN'S REPLY BRIEF REGARDING
<u>JUDGMENT ON THE PLEADINGS</u>**

**I.   <u>Preliminary Statement</u>**

These third-party defendants, **WILLIAM RAVEIS REAL ESTATE, INC.** ("WRRE") and **MARILYN LONGDEN** ("Longden") (collectively, the "Third-Party Defendants"), in accordance with D. Conn. L. Civ. R. 7(d), respectfully submit this memorandum of law in reply to the October 20, 2003 brief filed by the third-party plaintiff, **NICHOLAS H. FINGELLY REAL ESTATE, INC.** (together with third-party defendant **LYDIA KLYVER**, the "Third-Party Plaintiffs"), in opposition to the Third-Party Defendants' September 29, 2003 motion for judgment on the pleadings. The Third-Party Plaintiffs' *entire* opposition is grounded on one unreported decision wherein the Hon. Magistrate Judge Joan Glazer Margolis denied a motion for summary judgment

1

in a case admittedly involving facts similar to those at issue here. See, Smith v. Coldwell Banker Real Estate Services, Inc., 3:98 CV 1160 (JGM), a copy of which is attached to the Third-Party Plaintiffs' brief. It is respectfully submitted, however, that the Smith decision, which was rendered without the perspicuous and insightful benefit of the three more recent and wholly consistent cases construing the provisions of the the Residential Lead-Based Hazard Reduction Act (the "Act") at issue upon which the Third-Party Defendants relied in their motion papers[1], is contrary to the plain language of the Act itself, and ignores the Supreme court maxim that this Court must reject administrative constructions of a statute that are inconsistent with the statutory mandate. Accordingly, the Third-Party Defendants' motion for judgment on the pleadings should be granted.

## II.  Law and Reply Argument

### A.  The Act is clear on its face: the disclosure provision apply solely to the seller's agents

The Act specifically provides in plain, unambiguous terms, that "[w]henever a seller or lessor has entered into a contract with an agent for the purpose of selling or leasing a unit of target housing, the regulations ... shall require *the agent, on behalf of the seller* or lessor, to ensure compliance with the requirements of this section."  42 U.S.C. § 4852d (a)(4) (emphasis added). Where the meaning of a statute is clear, the courts must enforce its plain meaning. Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984). The Third-Party Plaintiffs' construction of the Act is contrary to its plain meaning.  There is no ambiguity and need for interpretation. Congress clearly and directly legislated that it is the agent "on behalf of the seller"

---

[1] Flowers v. ERA Unique Real Estate, Inc., 170 F. Supp.2d 840 (N.D. Ill. 2001) (based on the plain language of the Act, a buyer's agent has no duty to ensure compliance with the Act); Keegan v. The Downing Agency, Inc., 2003 WL 21210326 (D. Me. 2003) (same); and, Griffin v. Bruner, 793 N.E.2d 974 (App. Ct. Ill., 2d Dis. July 15, 2003) (same).

2

who shall have responsibility for ensuring compliance with the Act. 42 U.S.C. § 4852d(a)(4). This is entirely consistent with the fact that the Act is specifically addressed to "the seller" and expressly requires "the seller" to make lead-based paint disclosures. Id., at § 4852d(a)(1). The Third-Party Plaintiffs' construction of the Act, therefore, misapplies the plain meaning of the language used therein and should not be adopted by this Court.

        B.    <u>The administrative construction advocated by the Third-Party Plaintiffs is inconsistent with the statutory mandate</u>.

Ii is well settled that this Court "must reject administrative construction of [a] statute ... that are inconsistent with the statutory mandate ... ." <u>Chemical Manufacturers Assoc. v. Natural Res. Def. Council, Inc.</u>, 470 U.S. 116, 151-52 (1985); accord, <u>Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, *supra*, 467 U.S. at 845 (the court must not accommodate an administrative interpretation of statute if it appears from the plain language of the statute that it is not one that Congress would have sanctioned). As seen, the clear statutory mandate under the subject Act is to impose responsibility to ensure compliance *solely* on the seller's real estate agent and *not* on the buyer's agent. To the extent that §35.86 of the Code of Federal Regulation's definition of "agent" includes a buyer's agent, such as the Third-Party Defendants, it is contrary to the plain meaning of the Act. The Third-Party Plaintiffs' reliance on § 35.86, therefore, should be rejected.

### IV. <u>Conclusion</u>

It is respectfully submitted that this Court, therefore, consistent with the more recent holdings in each of <u>Flowers</u>, <u>Keegan</u>, and <u>Griffin</u>, *supra*, should also rule that the Act applies solely to seller's agents and not to buyer's agents, and enter judgment on the Third-Party Complaint in favor of WRRE and Longden.

3

THESE THIRD-PARTY DEFENDANTS,
WILLIAM RAVEIS REAL ESTATE, INC. and
MARILYN LONGDEN

By _____
Mark J. Kovack (ct 01431)
Wake, See, Dimes & Bryniczka
27 Imperial Avenue/P.O. Box 777
Westport, CT 06881-0777
Telephone: (203) 227-9545
Telecopier: (203) 226-1641
Their attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 27th day of October, 2003, a copy of the foregoing has been mailed by first class mail, postage prepaid, to all counsel and/or pro se parties of record, to wit:

Robert G. Golger, Esq.
QUATRELLA & RIZIO, LLC
One Post Road
P.O. Box 320019
Fairfield, CT 06825
(*Counsel for the Defendant/Third-Party Plaintiff*)

Dan E. LaBelle, Esq.
HALLORAN & SAGE, LLP
315 Post Road West
Westport, CT 06880
(*Counsel for the Defendant/Third-Party Plaintiff*)

Thomas J. Sansone, Esq.
Attorney Lucy M. Romeo
CARMODY & TORRANCE, LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
(*Counsel for the Plaintiffs*)

_____
Mark J. Kovack