## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE R. BECKER and KRAMER S. BECKER | CASE NO.: 3:02CV02209(AVC) |
| Plaintiff | |
| v. | |
| NICHOLAS H. FINGELLY REAL ESTATE, INC. and LYDIA KLYVER | |
| Defendants And Third Party Plaintiffs | |
| v. | |
| MICHAEL SOLIMENE, PILAR SOLIMENE MARILYN LONGDEN AND WILLIAM RAVEIS REAL ESTATE, INC. | |
| Third Party Defendants | DECEMBER 29, 2003 |

**THIRD PARTY PLAINTIFF NICHOLAS H. FINGELLY REAL ESTATE, INC.'S
RESPONSE TO COURT ORDER TO SHOW CAUSE**

The present action was instituted on December 1, 2002 by Bruce R. Becker and Kramer S. Becker against Nicholas H. Fingelly Real Estate, Inc. and Lydia Klyver, seeking damages for violations of the Residential Lead-Based Paint Hazard

Reduction Act of 1992, 42 U.S.C. § 4852d.  The facts supporting the complaint of the Beckers can be summarized as follows.  Nicholas H. Fingelly Real Estate, Inc. and their authorized Agent, Defendant Lydia Klyver, were the listing agents for a house located in Fairfield, Connecticut and owned by Third Party Defendants, Michael Solimene and Pilar Solimene.  In March of 2002, the Beckers made an offer to purchase this house and in May of 2002 they consummated the purchase of the house.  The Beckers' Real Estate Agent was Marilyn Longden and William Raveis Real Estate, Inc. (who are also Third Party Defendants).

     The Beckers alleged that sometime after the purchase of their house, they discovered extensive lead contamination, which required extensive remediation and/or removal.  The Beckers claimed that Defendants Nicholas H. Fingelly Real Estate, Inc. and their Agent, Lydia Klyver violated the provisions of 42 U.S.C. § 4852d by failing to provide them with proper disclosure information concerning the possible existence of lead in the house they were purchasing.

     On April 29, 2003, Defendants Nicholas H. Fingelly Real Estate, Inc. and Lydia Klyver brought a third party complaint against Michael Solimene, Pilar Solimene, Marilyn Longden and William Raveis Real Estate.  Third Party Defendants Michael Solimene and Pilar Solimene have not yet appeared in this

action and were defaulted by the Court on September 25, 2003. Defendants Marilyn Longden and William Raveis Real Estate, Inc. have moved for Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). That Motion has yet to be ruled on.

On October 23, 2003 Defendants Nicholas H. Fingelly Real Estate, Inc. moved for Judgment by default against Third Party Defendants Michael Solimene and Pilar Solimene. That Motion has yet to be ruled on. On December 9, 2003, the complaint between the Beckers and Defendants Nicholas H. Fingelly Real Estate, Inc. and Lydia Klyver was dismissed with prejudice by the Court pursuant to Federal Rule of Civil Procedure 41. The Motion for Dismissal with Prejudice was submitted after the Plaintiffs and Defendants Nicholas Fingelly Real Estate, Inc. and Lydia Klyver settled their claims. On December 11, 2003, the Court issued a Notice of Order to Show Cause as to why the remaining claims should not be dismissed as well.

Defendant Nicholas H. Fingelly Real Estate respectfully submits that its claims against the remaining Defendants should not be dismissed for the reason that there still exists viable claims of action against each remaining Defendant. For instance, Defendant Nicholas H. Fingelly Real Estate, Inc.'s primary liability to the

former Plaintiffs arose from the non-disclosure or misrepresentation of the existence of lead in the house owned by the Solimene's and in which they were the listing agent.  The Solimenes have liability to Nicholas H. Fingelly Real Estate, Inc. and Lydia Klyver for their actions in providing false information in the lead-based paint disclosure forms.  Similarly, Defendant William Raveis Real Estate, Inc. and Marilyn Longden have liability for defects in the disclosures provided to the Beckers as they were the agents of the purchasers as well as the sellers pursuant to 24 C.F.R. § 35.88.  The factual basis for the liability of each Defendant is set forth in Defendant Nicholas H. Fingelly Real Estate, Inc.'s Motion to Implead dated April 29, 2003.

  The Defendant respectfully requests that the Court not dismiss the remaining causes of action which exist in the above-referenced matter as the causes of action are still viable.  In addition, Nicholas H. Fingelly Real Estate, Inc. also requests that the Court grant their Motion for Judgment by Default dated October 23, 2003.

Wherefore, for all of the foregoing reasons, it is respectfully submitted that there is cause to allow the continuation of this action.

        THE DEFENDANT/
        THIRD PARTY PLAINTIFF
        Nicholas H. Fingelly Real Estate, Inc.


        BY:_____
        ROBERT G. GOLGER
        Fed Bar No. CT03116
        Quatrella & Rizio, LLC
        One Post Road
        P.O. Box 320019
        Fairfield, CT  06825
        (203) 255-9928

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid on this 29th day of December, 2003 to all counsel and pro se parties of record as follows:

Thomas J. Sansone, Esquire
Lucy M. Romeo, Esquire
Carmody & Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950

Dan E. Labelle, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880

Mark J. Kovack, Esq.
Wake, See Dimes & Bryniczka
27 Imperial Avenue
P. O.  Box 777
Westport, CT  06881-0777

Mr. Michael Solimene
Ms. Pilar Solimene
205 Winnepage Drive
Fairfield, CT  06824
(non-appearing third party defendant)

_____
ROBERT G. GOLGER