UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUL 20  P 5:02

U.S. DISTRICT COURT
HARTFORD, CT.

BRUCE R. BECKER and KRAEMER S. BECKER,
  Plaintiffs,

VS.

NICHOLAS H. FINGELLY REAL ESTATE, INC., and LYDIA KLYVER,
  Defendants and Third-Party Plaintiffs

VS.

MICHAEK SOLIMENE, PILAR SOLIMENE, MARILYN LONGDEN AND WILLIAM RAVEIS REAL ESTATE, INC.,
  Third-Party Defendants.

Civil No. 3:02CV02209 (AVC)

### RULING ON THE THIRD-PARTY DEFENDANTS MARILYN LONGDEN AND WILLIAM RAVEIS' MOTION FOR JUDGMENT ON THE PLEADINGS

This is an action for damages brought pursuant to the Residential Lead-Based Hazards Reduction Act of 1992, 42 U.S.C. § 4852d ("the Act") and 24 C.F.R. § 35.94. The complaint alleges that the defendants, Lydia Klyver and Nicholas Fingelly Real Estate, Inc., sold the plaintiffs, Bruce R. Becker and Kraemer S. Becker, a home in Fairfield, Connecticut, without disclosing records pertaining to lead-based paint and/or lead-based hazards at the premises. The complaint also alleges violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110 et seq.

On July 24, 2003, the defendants filed a third-party complaint against the sellers of the property, Michael Solimene and Pliar Solimene, and the plaintiffs real estate agent, Marilyn Longden and William Raveis Real Estate, Inc. ("Longden and

William Raveis") seeking damages, contribution and/or apportionment. The third-party defendants, Longden and William Raveis, now move for judgment on the pleadings, arguing that the third-party complaint fails to state a claim against them because they cannot be considered agents of the seller as a matter of law.

For the reasons hereinafter set forth, the court agrees with Longden and William Raveis and there GRANTS the motion for judgment on the pleadings.

## FACTS

The complaint alleges that in March 2002, the plaintiffs, Bruce Becker and Kraemer Becker ("the Beckers") submitted a written offer to purchase a residence located at 370 Sturges Road in Fairfield, Connecticut ("the premises") for $815,000. One Marilyn Longden served as the Becker's real estate agent, and William Raveis Real Estate, Inc. served as their broker.

The sellers, Michael Solimene and Pliar Solimene ("the Solimenes") accepted the offer. One Lydia Klyver served as the Solimenes' real estate agent, and Nicholas Fingelly Real Estate, Inc., served as the Solimenes' broker. The agents and brokers for both the buyers and the sellers split one commission pursuant to a cooperative brokerage arrangement that was paid by the sellers.

Under the Residential Lead-Based Hazards Reduction Act of 1992, 42 U.S.C. § 4852d ("the Act"), the sellers' representatives, Fingelly and Klyver, furnished a lead disclosure

form but allegedly failed to complete the form by indicating whether the Solimenes had any knowledge of lead-based paint on the premises, and allegedly misrepresented that the Solimnenes were not in possession of any reports or records pertaining to lead-based paint at the premises.  Fingelly and Klyver also allegedly failed to: (1) provide the Beckers with a pamphlet required by the Act entitled <u>Protect Your Family from Lead in Your Home</u>; (2) obtain the Beckers' acknowledgment that they had been provided with a 10-day opportunity to conduct a risk assessment or inspection of the premises for the presence of lead-based paint; and (3) acknowledge that they had informed the Solimenes of their obligations under the Act.

On May 1, 2002 the parties gathered for the closing.  There, the Solimenes allegedly provided the Beckers with a copy of a home inspection report which they had received when they purchased the premises in 1998.  The Beckers did not review the report until after the closing.  The report stated that the premises contained lead paint.  The Beckers thereafter retained an environmental consultant who inspected the premises and found toxic levels of lead paint in various parts of the premises.

On July 24, 2003, the defendants filed a third party complaint against the sellers of the property, Michael and Pliar Solimene, and the Solimnenes' real estate agent, Marilyn Longden, and their real estate broker, William Raveis Real Estate, Inc. The third party complaint seeks damages, contribution and/or apportionment.

**STANDARD**

A party is entitled to Rule 12(c) judgment on the pleadings only if no material issues of fact remain to be resolves and the party is entitled to judgment as a matter of law. Juster Assocs. V. Rutland, 901 F.2d 266, 269 (2d Cir. 1990). In applying that standard, the court may not dismiss a complaint unless "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Hoover v. Ronwin, 466 U.S. 558, 587, 104 S.Ct. 1989 (1984).

**DISCUSSION**

The third-party defendants, Longden and William Raveis, argue that they are entitled to judgment as a matter of law under the Act because, as the buyer's agent and real estate broker, they were not required to make lead hazard disclosures or ensure compliance with the Act. Instead, they argue that the Act imposes a duty to disclose only on the sellers or the sellers' real estate agents.

In response, the seller's real estate agents, third-party plaintiffs Fingelly and Klyver, argue that Longden and William Raveis were indeed under a duty to make lead hazard disclosures and ensure compliance with the Act because they were paid through the commission paid by the seller.

Section 1018 of the Residential Lead-Based Paint Hazard Reduction Act of 1992, 42 U.S.C. § 4852d, requires the seller of

residential housing to make lead-based paint disclosures. <u>Flowers v. ERA Unique Real Estate, Inc.</u>, 170 F. Supp.2d 840, 843 (N.D. Ill. 2001). "When a seller enters into a contract to list property for sale with a real estate broker or agent, the Act dictates that the regulations promulgated thereunder shall require the "agent, on behalf of the seller" to "ensure compliance" with the disclosure requirements of the Act. <u>Id.</u> (citing 42 U.S.C. § 4852d (a)(4)). The language of the Act places no duty on a buyer's real estate broker or agent to ensure compliance with the Act. <u>Id.</u>

A regulation promulgated pursuant to the Act defining the term "agent", however, does appear to place the duty of compliance on a buyer's representative when that representative receives at least some form of compensation from the seller, specifically stating:

> Agent means any party who enters into a contract with a seller. . . including any party who enters into a contract with a representative of the seller. . . for the purpose of selling or leasing target housing. This term does not apply to purchasers or any purchaser's representative who receives all compensation from the purchaser.

24 C.F.R. § 35.86. "However, respectfully, it is well settled that the court `must reject administrative constructions of the statute. . . that are inconsistent with the statutory mandate. . .'" <u>Flowers</u>, 170 F. Supp.2d at 843 (quoting <u>Chemical Manufacturers Association et al. V. Natural Resources Defense Council, Inc.</u>, 470 U.S. 116, 151-52 (1985)). A review of the

statute reveals that the duty to ensure compliance rests solely on the seller's real estate agent and not the buyer's agent. The court therefore must reject that administrative construction pressed by the third-party plaintiffs. See Keegan v. The Downing Agency, Inc., 2003 WL 21210326 (D. Me. 2003) (similarly rejecting the proposition that the Act's obligations apply to the buyer's representatives); see also Griffin v. Bruner, 793 N.E.2d 974 (App.Ct.Ill.July 15, 2003) (same). Accordingly, the third-party defendants Longden and William Raveis's motion for judgment on the pleadings is GRANTED.

## CONCLUSION

For the foregoing reasons, Longden and William Raveis's motion for judgment on the pleadings (document no. 27) is GRANTED.

It is so ordered, this 20th day of July, 2004, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge